Filed 7/13/26  Arkas v. Sanchez CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| ARKAS, LLC, | B350063 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. 25CMCV00359 |
| BELEN SANCHEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Elizabeth L. Bradley, Judge.  Affirmed.

The Ryan Firm, Timothy M. Ryan, Andrew J. Mase, and Matthew H. Aguirre for Plaintiff and Respondent.

Belen Sanchez in pro per.

———————————

The trial court entered judgment against Belen Sanchez, the defendant in an unlawful detainer action, after a trial at which Sanchez failed to appear.  The trial court denied Sanchez's motion to set aside or vacate that judgment.  Sanchez appeals the

judgment and later order. Because Sanchez failed to provide adequate briefing or record, we affirm.

Arkas, LLC brought a post-foreclosure unlawful detainer action against Sanchez. Sanchez filed many pre-trial motions. However, Sanchez did not attend the trial. The court found Sanchez had been given timely notice of the trial and proceeded without her.

The trial heard testimony and admitted evidence. The court then ruled in Arkas's favor and entered judgment against Sanchez.

Sanchez filed a motion to vacate the judgment, which the trial court denied. Sanchez appeals the judgment and the order denying vacation of the judgment.

We presume the trial court's ruling is correct. (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416.) An appellant bears the affirmative burden of demonstrating prejudicial error. (*LNSU #1, LLC v. Alta Del Mar Coastal Collection Community Assn.* (2023) 94 Cal.App.5th 1050, 1070.) Appellants must support their assertions with cogent argument with citation to authority and accurate citations to the record. (*Ibid*.) Where appellants fail to provide an adequate record to permit review, their arguments are forfeited. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609.) These rules apply regardless of whether the appellant appears in pro per. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.)

Sanchez has not provided an adequate record to allow us to review the judgment and order she challenges. We therefore must affirm.

The record includes a minute order from the trial. From this, we know that the court heard testimony from two witnesses

2

and admitted several pieces of documentary evidence.  But our record includes none of this.  Nor is there any document, such as a settled statement of decision, reflecting the trial court's factual findings, reasoning, or legal conclusions.

In reviewing an unlawful detainer judgment, we review the trial court's factual findings for substantial evidence and legal conclusions independently.  (*Palm Property Investments, LLC v. Yadegar* (2011) 194 Cal.App.4th 1419, 1425–1426.)  Here, we lack the evidence, the factual findings, and the legal conclusions.

Sanchez argues our review is independent and because the record includes a notice to occupants to vacate that is facially deficient, we have all we need to reverse.  Not so.  Sanchez's failure to provide an adequate record prevents us from viewing that piece of evidence in context and from knowing what, if any, factual findings or legal conclusions the court made.  We cannot review the trial court's judgment for error in such circumstances.

Sanchez likewise leaves out a large portion of the briefing on her motion to vacate the judgment, including Arkas's opposition brief, as well as the order denying the motion.  This is not an adequate record for review.

Sanchez also fails to cite to the record in her opening brief.  (Cal. Rules of Court, rule 8.204(a)(1)(C).)  She claims to fix this flaw in her reply brief.  However, such a belated fix is insufficient.  (*REO Broadcasting Consultants v. Martin* (1999) 69 Cal.App.4th 489, 500 [we need not consider points raised for the first time in a reply brief].)  Moreover, Sanchez in fact adds only two record citations in her reply brief; the other cites are mere placeholders with a note to insert page numbers.

Because Sanchez has provided neither adequate briefing nor record, we affirm the judgment and order.

## DISPOSITION

We affirm the order and award costs to Arkas.



WILEY, J.

We concur:


STRATTON, P. J.


VIRAMONTES, J.